UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN ROORDA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE MANUFACTURING, INC.,<br><br>　　　　　　Defendant. | CASE NO. C10-5872BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Kevin Roorda's ("Roorda") motion to remand (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

This is a case arising out of Plaintiff's injury that occurred while responding to a fire when he fell from the top of a fire truck manufactured by Defendant Pierce Manufacturing, Inc. ("Pierce"). On November 9, 2010, Roorda filed the complaint against Pierce in Pierce County Superior Court. Dkt. 4 at 8-14. On November 29, 2010,

Pierce removed the case to this Court. Dkt. 1. On August 22, 2011, Pierce filed a motion for summary judgment. Dkt. 21. On September 8, 2011, the Court signed the parties stipulated order allowing Roorda to "proceed with the notice requirements of RCW 4.96.020 for East Pierce Fire & Rescue [("East Pierce")], and file and serve the Amended Complaint accordingly." Dkt. 24. Attached to the stipulated motion was Roorda's proposed amended complaint. Dkt. 23-1. On September 15, 2011, Roorda filed a motion to remand stating that it had served East Pierce with a statutory Notice of Tort Claim pursuant to RCW 4.96.020, that the parties to the action are no longer diverse and therefore, the case should be remanded to state court. Dkt. 25. On September 21, 2011, Pierce responded (Dkt. 36) and on September 30, 2011, Roorda replied (Dkt. 41).

## II. DISCUSSION

District courts are to construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction . . . ." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e).

Here, in its opposition to Roorda's motion to remand, Pierce maintains that the Court should retain jurisdiction until Roorda has actually filed an amended complaint with East Pierce joined as a defendant. Dkt. 36. Roorda argues that by entering the

parties' stipulated motion to add Pierce as a defendant (*see* Dkt. 24) the Court has permitted joinder of a non-diverse defendant under § 1447(e) and therefore, the action should be remanded to state court. Dkts. 36 & 41.

The parties' stipulated motion states that Roorda "may proceed with the notice requirements of RCW 4.96.020 for [East Pierce], and file and serve the Amended Complaint accordingly." Dkt. 24. Although Pierce argues that the Court has the authority to decide its motion for summary judgment before remanding the case because Roorda has yet to file an amended complaint, Pierce fails to provide relevant authority to support such an argument. Here, as opposed to the cases cited to by Pierce, Pierce stipulated to the joinder of the defendant in a motion that included the proposed amended complaint as an attachment. Dkts. 23-1 & 24. The Court concludes that, in issuing the stipulated order regarding East Pierce (Dkt. 24), it has permitted joinder of a non-diverse defendant and thus, the case must be remanded under §1447(e).

### III. ORDER

Therefore, it is hereby **ORDERED** this action is **REMANDED** to the state court in which it was originally filed.

Dated this 25th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge